## Dimitrejevitch, Appellant, *v.* Brey.

*Sales—Horse—Warranty — Breach of — Affidavit of defense—Sufficiency.*

In an action of assumpsit for the return of money paid for the purchase of a horse, based on the alleged rescission of a contract, an affidavit of defense is sufficient which specifically denies that the defendant assented to the rescission.

Argued November 17, 1924. Appeal, No. 18, Oct. T., 1923, by plaintiff, from judgment of C. P. Bucks Co., Oct. T., 1921, No. 13, discharging rule for judgment for want of a sufficient affidavit of defense in the case of Sava Dimitrejevitch v. Arthur H. Brey. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid in the purchase of a horse. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The court discharged the rule. Plaintiff appealed.

*Error assigned* was the decree of the court.

*Joseph J. Broadhurst,* for appellant, cited: Peace v. Herman, 34 Pa. Co. Ct. 372; Boys' Novelty Suit Co. v. Garfield, 76 Pa. Superior Ct. 365; Rodgers v. Grothe, 58 Pa. 414; Breitweiser Lumber Co. v. Crick, 55 Pa. Superior Ct. 72; Guaranty Motor Co. v. Hudford Phila. Sales Co., 264 Pa. 558.

*Thomas Ross,* and with him *Wesley Bunting,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The question here is one of the sufficiency of the affidavit of defense. The plaintiff bought a horse and harness from the defendant in which transaction, as set forth in the statement, the vendor "verbally undertook, and then and there faithfully promised the said plaintiff that the said horse was quiet and would work both single and double." Confiding in this "verbal promise" the plaintiff bought the horse and harness and paid therefor the sum of $131; six dollars of that amount being the consideration for the harness. The statement charges that the defendant disregarded his promise and deceived and defrauded the plaintiff in that the horse was not quiet and would not work single or double, but refused to work both single and double and became of no use or value to the plaintiff, whereupon he returned the horse and harness to the possession of the defendant which possession the defendant retained. Nevertheless the defendant refused on demand to return to the plaintiff the sum of money paid to him for the horse and harness. The affidavit of defense admits the defendant represented that the horse was quiet and would work both single and double, and avers that the statement so made was true; that there was neither misrepresentation nor fraud with reference to the sale. With respect to the return of the horse and the alleged rescission of the con-

tract, the affidavit avers that the plaintiff returned the horse and harness to the premises of the defendant during the latter's absence, and he denies that he accepted the property or a rescission of the contract. The defendant further sets forth, as a counterclaim, that after the plaintiff returned the horse and harness the defendant notified him on several occasions to take the property away and that he would hold the plaintiff liable for costs and charges for the care of the horse; that the plaintiff refused after notice to take away the horse and harness, and thereupon the defendant at a public sale, after due and public notice, sold the same and received the sum of $52 for the horse and $5.50 for the harness, against which he had a charge of $60 for the keep of the horse and $1, cost of advertising the sale. The court below refused judgment for want of a sufficient affidavit from which judgment the plaintiff appealed. The action is based on an alleged rescission of the contract for the purchase of property, which rescission was acquiesced in by the defendant. It will be observed that the claim is not for damages for breach of warranty, or for a deceit practiced, but for the consideration paid to which the plaintiff alleges he is entitled because the contract was rescinded. If the vendor agreed to take back the property, there would be a resulting right in the plaintiff to the consideration paid, but there is an emphatic denial by the defendant that he assented to the return of the property and the cancellation of the agreement. On the contrary he affirms that on numerous occasions he notified the plaintiff to come and take his property away or it would remain in the defendant's possession at the charge of the purchaser. What happened, as disclosed by the pleadings, was that the plaintiff took the horse and harness back to the defendant's residence when the latter was away from home, after which the latter on learning the situation notified the plaintiff to take the property away. This was in no sense a rescission of the contract so far as the defendant was concerned. He had

a right to stand on his bargain with the plaintiff and this he undertakes to do.

The subsequent act of the defendant in selling the property was an assertion of his authority as a bailee so to do. Whether he acted within the law with respect to bailment sales is not now important. The present appeal does not involve the unauthorized sale of the plaintiff's property. We are unable to view the case therefore as one in which the right of the plaintiff to rescind the contract is admitted; or appears as a conclusion of law from the undisputed facts. The case is one for determination by the jury on the allegation of a breach of contract with respect to the qualities of the horse and of the alleged rescission.

The judgment is affirmed.